UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTIRCT OF FLORIDA

| | |
|---|---|
| ALAN GROCHOWSKI, SR., | * |
| Plaintiff, | * |
| v. | * |
| GLOBAL EQUITY FINANCE, INC., | *   Case No. _____ |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Global Equity Finance, Inc. ("GEF"), by its undersigned counsel, hereby removes to this Court the State-court action described below:

1. Plaintiff's Complaint alleges, among other things, a cause of action under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Removal is based on federal question jurisdiction, as clearly shown by the allegations on the face of the Complaint, and set forth more fully below. *See* 28 U.S.C. §§ 1331, 1441.

2. It is well established that removal is proper in this case. *See Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315–16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA…. It is established that federal courts have subject matter jurisdiction over TCPA claims.") (citation omitted).

## THIS NOTICE OF REMOVAL IS TIMELY

3. On or about September 21, 2021, Plaintiff Alan Grochowski, Sr., initiated *Grochowski v. Global Equity Finance, Inc.*, No. 2021-CA-000646, in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida.

4. GEF's registered agent, Registered Agent Solutions Inc., was served with process on September 24, 2021.

5. This Notice of Removal is timely filed within thirty days after service of the Summons and Complaint on GEF. 28 U.S.C. § 1446(b)(1).

## FEDERAL QUESTION JURISDICTION

6. Plaintiff's Complaint is, on its face, brought pursuant to a federal statute, the TCPA.

7. Federal-question jurisdiction is governed by the "well-pleaded complaint rule," and federal jurisdiction exists when a federal question is presented on the face of plaintiff's complaint. *Shands Teaching Hospital & Clinics, Inc. v. Secretary, United States Department of Health and Human Services*, 847 F. App'x. 814, 815 (11th Cir. 2021) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

8. To determine whether a federal question is presented on the face of a plaintiff's complaint, "the Court must look at the plaintiff's complaint at the time of removal." *Gables Ins. Recovery v. United Healthcare Ins. Co.*, 39 F. Supp. 3d 1377, 1383 (S.D. Fla. 2013); *accord Herman v. Hartford Life Acc. Ins. Co.*, No. 10-61661-CIV, 2011 WL 1458050, *2 (S.D. Fla. Apr. 15, 2011).

9. In paragraphs 2, 5–6, 27, and 60–64 of his Complaint, Plaintiff attempts to state a claim under the TCPA. For example, and without limitation, the Third Count of Plaintiff's

Complain is based solely on the alleged violation of federal law. The Third Count is captioned "Telephone Consumer Protection Act (Violation of 47 U.S.C. § 227)." Compl., page 9.

10. Further in paragraphs (b), (c), and (d) of Plaintiff's Prayer for Relief, Plaintiff seeks an award of statutory damages under the TCPA; an order declaring that GEF's conduct violates the TCPA; and an order finding in favor of Plaintiff and the putative Class on the TCPA count. *Id.* at 10.

11. A suit arises under the law that creates the cause of action. *Mims v. Arrow Financial Services, LLC,* 565 U.S. 368, 377 (2012). Here, the TCPA, a federal statute, creates Plaintiff's alleged claim, which also arises under the laws of the United States within meaning of 28 U.S.C. § 1331. This Court, therefore, has original jurisdiction pursuant to 28 U.S.C. §1331, and removal is proper under 28 U.S.C. § 1441(a). *Mims*, 565 U.S. at 372; *Duran*, 878 F. Supp. 2d at 1315–16 (citing *Mims*).

12. Section 1441(a) provides that an action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." This Court is in the District embracing the 19th Judicial Circuit Court in and for Indian River County, Florida. That fact is judicially noticeable. Fed. R. Evid. 201.[1] Accordingly, this action has been properly removed.

## SUPPLEMENTAL JURISDICTION

13. This Court also has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(a). Section 1367 provides that "in any civil action of which the

---

[1] "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related ... that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

14. Here, Plaintiff's state law claims relate directly to the same allegations that are the subject of his federal law claims. For example, when describing the "Nature of the Action" in his Complaint, both the state law and federal law claims are premised on allegations that (i) GEF "uses automated systems to make outbound telemarketing calls to hundreds if not thousands of consumers across U.S., soliciting consumers to solicit the purchase of their services"; and (ii) GEF contacted consumers whose numbers have been placed on the National Do Not Call Registry. Compl. ¶¶ 4–5.

15. Plaintiff's claims under the Florida Telephone Solicitation Act ("FTSA") thus arise from the same nucleus of operative facts as the alleged violation of federal law and form a part of the same controversy alleged in the Complaint. Moreover, none of the exceptions to supplemental jurisdiction provided under Section 1367(c) apply. Plaintiff's FTSA claim does not raise a "novel or complex issue of State law" nor does it "substantially predominate" over the TCPA claim. Additionally, this Court has not dismissed the TCPA claim, and there are no "exceptional circumstances" or "other compelling reasons for declining jurisdiction." *See* 28 U.S.C. § 1367(c).

16. Courts within this District routinely permit removal under circumstances similar to those present here. *E.g.*, *Behr v. Campbell*, No. 9:18-CV-802212018, WL 11234901, at *1 (S.D. Fla. May 4, 2018) (adopting magistrate report and recommendation that plaintiff's motion to remand be denied where the federal and state claims arose from the same set of facts); *Alexsam, Inc. v. WildCard Systems, Inc.*, No. 15-CIV-61736-BLOOM/Valle, 2015 WL 13688558, at *7

(S.D. Fla. Nov. 20, 2015) (denying motion to remand where state law claims were found to "clearly form part of the same case or controversy.").

17. As such, this entire action is properly removed under 28 U.S.C. §§ 1331, 1367, and 1441.

## COPIES OF ALL PROCESS AND PLEADINGS

18. Pursuant to 28 U.S.C. § 1446(a), a notice of removal shall contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

19. Attached hereto as Exhibit A is a copy of the Civil Cover Sheet.

20. Attached hereto as Exhibit B is a copy of the Class Action Complaint.

21. Attached hereto as Exhibit C is a copy of the Summons.

22. Attached hereto as Exhibit D is a copy of the Return of Service

23. Attached hereto as Exhibit E is a copy of the docket sheet in *Grochowski v. Global Equity Finance, Inc.*, No. 2021-CA-000646.

24. As of this date, Exhibits A–D are copies of all of the process and pleadings served upon GEF in this action. To GEF's knowledge, no orders have been issued.

## NOTICE OF FILING IN STATE COURT

25. Pursuant to 28 U.S.C. §1446(d) GEF will serve written notice of this removal on Plaintiff and will concurrently file a copy of this Notice of Removal with the Clerk of Court of the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida in case *Grochowski v. Global Equity Finance, Inc.*, No. 2021-CA-000646, in the form attached hereto as Exhibit F.

26. GEF has satisfied all of the requirements for removal of this action under 28 U.S.C. § 1446 and all other applicable statutes and rules.

WHEREFORE, for all of the foregoing reasons, this Court has, and Defendant respectfully requests this Court to assume, full jurisdiction over the entire action as provided by law.

Dated: October 14, 2021                                    Respectfully submitted,

*/s/ Christopher Lomax*
Christopher M. Lomax
Florida Bar No. 56220
Chris@LomaxLegal.com
LOMAX LEGAL PLLC
95 Merrick Way, 3rd Floor
Coral Gables, FL 33134
Telephone: 305.582.6506
Facsimile: 305.503.6897

G. David Carter, Esq. (*pro hac vice forthcoming*)
Dwayne D. Sam (*pro hac vice forthcoming*)
Womble Bond Dickinson (US) LLP
2001 K Street, NW
Suite 400 South
Washington, DC 20006
Tel: (202) 857-4593
david.carter@wbd-us.com
dwayne.sam@wbd-us.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2021, a copy of the foregoing document was filed electronically via the Court's ECF system, which sent notifications of such filing to all counsel of record. I also certify that a copy was transmitted to the following by first-class mail, postage prepaid, and by email:

Avi R. Kaufman
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
Tel: (305) 469-5881
Email: avi@kaufmanpa.com

/s/ Christopher M. Lomax
Christopher M. Lomax
Florida Bar No. 56220
Chris@LomaxLegal.com
LOMAX LEGAL PLLC
95 Merrick Way, 3rd Floor
Coral Gables, FL 33134
Telephone: 305.582.6506
Facsimile: 305.503.6897

WBD (US) 54123952v2