# Exhibit B

IN THE CIRCUIT COURT OF
THE NINETEENTH JUDICIAL CIRCUIT,
IN INDIAN RIVER COUNTY, FLORIDA

ALAN GROCHOWSKI, SR., individually
and on behalf of all those similarly
situated,

                Plaintiff,         Case No. 312021CA000646XXXXXX

v.

GLOBAL EQUITY FINANCE, INC.,

                Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, Alan Grochowski, Sr., appearing both individually and on behalf of all others similarly situated, by and through his attorneys, brings this class action against Defendant, Global Equity Finance, Inc., based upon personal knowledge as to his own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by his counsel, and alleges as follows:

### NATURE OF THE ACTION

1.      This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2.      This is also a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the

---

[1] The amendment to the FTSA became effective on July 1, 2021.

1

proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

3. Defendant Global Equity sells mortgage loans throughout the United States.

4. Defendant Global Equity uses automated systems to make outbound telemarketing calls to hundreds if not thousands of consumers across U.S., soliciting consumers to solicit the purchase of their services.

5. By doing so, Defendant Global Equity has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059 and it violated the TCPA when it contacted numbers on the National Do Not Call Registry. Defendant has caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted telephonic sales calls to their phones.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the FTSA and TCPA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

### THE PARTIES

7. Plaintiff Alan Grochowski is a citizen and resident of Florida.

8. Defendant Global Equity Finance, Inc. is a California company registered to do business in Florida.

### JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000, exclusive of interest, costs, and attorneys' fees.

10. Defendant is subject to personal jurisdiction in Florida because they are situated in

Florida and the conduct giving rise to this case was directed from Florida. Defendant made or caused to be made telephonic sales calls into Florida without the requisite prior express written consent in violation of the FTSA. The Defendant is also registered to do business in this District.

11. Venue for this action is proper in this Court because the facts giving rise to this action occurred in this Circuit.

## STATEMENT OF FACTS

12. Plaintiff Grochowski is the subscriber and the sole user of the cell phone number ending with xxx-xxx-2001.

13. This number has been on the National Do Not Call Registry since July 2003.

14. The number is not associated with any business.

15. The is for personal use.

16. On September 8, 2021, Plaintiff Grochowski received two calls from Global Equity.

17. The Plaintiff ignored the calls.

18. On September 9, 2021, the Plaintiff Grochowski received another telemarketing calls from Global Equity.

19. The call started with silence before a click and a pause sound before someone came on the telephone line.

20. In order to identify the entity that called him the day prior and today, the Plaintiff engaged the telemarketer.

21. The Defendant's loan origination services were promoted on the call.

22. The Plaintiff then had the telemarketer send him an e-mail to his email address lighttapeflorida@aol.com.

23. The e-mail from the telemarketer came from the Defendant and had the following

3

signature block:

**Danial Oskrochi**
**Mortgage Loan Originator**
**Global Equity Finance, Inc.**
*NMLS ID: 2099337*

Phone: (619) 393-2385   FAX: 1(619) 393-2385
Address 404 Camino del Rio S | Suite 300 San Diego, CA 92108

24. The e-mail came from: danial.oskrochi@geqfinance.com.

25. Geqfinance.com is a domain owned and operated by the Defendant.

26. In response to these unsolicited telephonic calls, Plaintiff files this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Class, attorneys' fees, and costs.

### CLASS REPRESENTATION ALLEGATIONS

27. Plaintiff seeks to represent a class of similarly situated individuals pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3), consisting of:

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.

> **Florida Telephone Solicitation Act Do Not Call Registry Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) to a number on the National Do Not Call Registry (3) since July 1, 2021.

**Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

28. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

29. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

30. Members of the Class are so numerous that their individual joinder is impracticable.

31. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

32. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

33. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

34. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

35. Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act, Florida Telephone Solicitation

Act ("FSCA"), Fla. Stat. § 501.059 subsection (2) and violated Plaintiff's rights in violation of Florida law; and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

36. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

37. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

38. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority

39. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

40. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

41. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

42. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

43. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

44. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**<u>COUNT I</u>**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

45. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

46. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

47. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

48. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

49. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

50. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

51. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

52. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**COUNT II**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation**
**Act National Do Not Registry Call Class**

53. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

54. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act National Do Not Call Registry Class Members against Defendant.

55. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

8

56. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

57. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

58. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though the Class members were on the National Do Not Call Registry.

59. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**COUNT III**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

60. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

61. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency

9

purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

62. The Defendant's violations were negligent, willful, or knowing.

63. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

64. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Classes under Florida Rule of Civil Procedure 1.220 and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

(i) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: September 20, 2021

Respectfully submitted,

Avi R. Kaufman, Esq. (Florida Bar No. 84382)
**KAUFMAN P.A.**
400 Northwest 26th Street
Miami, Florida 33127
kaufman@kaufmanpa.com
(305) 469-5881

*Counsel for Plaintiff and all others similarly situated*